UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAIN STONER, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. 3:16-cv-05373 DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Shain Stoner filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide a clear and convincing reason supported by substantial evidence for discounting Plaintiff's symptoms and testimony. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to

sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

### FACTUAL AND PROCEDURAL HISTORY

On December 5, 2012, Plaintiff filed an application for DIB, alleging disability as of September 3, 2012. *See* Dkt. 9, Administrative Record ("AR") 12. The application was denied upon initial administrative review and on reconsideration. *See* AR 12. A hearing was held before ALJ Tom L. Morris on June 6, 2013. *See* AR 12. In a decision dated December 23, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 12-24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 4, 2016, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly considering Plaintiff's credibility; (2) failing to properly consider the opinion of physician assistant Aaron Eusterbrock; (3) failing to properly consider the lay witness testimony; and (4) failing to fully develop the record. Dkt. 11, p. 1.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### DISCUSSION

**I.    Whether the ALJ erred by failing to provide clear and convincing reasons supported by the record to find Plaintiff lacked credibility.**

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted).

The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996). The ALJ may also consider if a claimant's complaints are "inconsistent with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

On September 3, 2012, the date of Plaintiff's alleged onset of disability, Plaintiff was in a motor cross accident and suffered a traumatic brain injury follow loss of consciousness. AR 40-41. Plaintiff alleges he has headaches and poor memory following the accident. AR 219, 41. Plaintiff also testified he has pain, difficulty completing household chores, and difficulty concentrating and staying on task. AR 44-45. Plaintiff also testified he has back pain preventing him from standing in place for more than ten minutes. AR 48-49.

The ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms to be not entirely credible. AR 17. The ALJ listed a number of reasons, discussed more fully below, to discount plaintiff's allegations of disabling limitations. *See* AR 17-

20. Plaintiff maintains the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount his testimony and statements regarding his impairments and limitations. Dkt. 11, pp. 11-15. The Court agrees.

First, the ALJ determined Plaintiff's "subjective complaints are not reasonably consistent with the medical evidence." AR 18. A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, to discount a claimant's testimony regarding pain, an ALJ "must state *which* [such] testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834. Here, the ALJ summarized evidence contained in medical records, but the cited medical records are not moored to any specific testimony or statements the ALJ found not credible. *See* AR 18-19. None of the ALJ's examples identify *which* testimony is not credible and *why* plaintiff's testimony is not credible based upon the alleged inconsistency. Accordingly, the ALJ erred in discounting Plaintiff's testimony and statements on this basis.

Second, the ALJ noted Plaintiff's "noncompliance with the recommended exercise program and vocational counseling and he had a no show appointment for a mental health appointment in October 2013, implying that he has contributed, at least in part, to his ongoing condition." AR 19. An ALJ can find a claimant lacks credibility if "the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this

failure." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *7; *see also Tommasetti*, 533 F.3d at 1039-40 (9th Cir. 2008). But, when a mental illness is involved, a person suffering from a mental illness may not realize that he needs his medication, or he may not even realize that his "condition reflects a potentially serious mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (quoting with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). In addition, according to Social Security Ruling, ("SSR"), SSR 16-3p, the Administration will not find a claimant's symptoms are inconsistent with the evidence in the record on the basis that the frequency or extent of treatment sought by an individual is not comparable with the degree of the alleged limitations "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3P, 2016 WL 1119029, at *7.

Here, as courts have cautioned against discounting a plaintiff's credibility due to failure to seek mental health treatment, the ALJ erred here in discounting plaintiff's statements and testimony for failing to attend mental health counseling without providing additional supportive rationale. *See Van Nguyen*, 100 F.3d at 1465. Moreover, with respect to Plaintiff's failure to attend vocational counseling, the ALJ was required to consider potential reasons for Plaintiff's failure to do so. The very medical records cited by the ALJ demonstrate Plaintiff was experiencing financial difficulty and lack of insurance, preventing him from engaging in cognitive therapies. *See* AR 391. The medical record cited by the ALJ does demonstrate Plaintiff was "noncompliant with an exercise program." *See id.* However, the Court finds noncompliance with an exercise program is not a clear and convincing reason to discount *all* of Plaintiff's testimony and statements regarding his symptoms and limitations. Accordingly, the ALJ erred in discounting Plaintiff's testimony for

failure to attend mental health and vocational counseling, and the second reason offered by the ALJ is not a clear and convincing reason to discount Plaintiff's credibility.

Third, the ALJ noted "[c]omplicating the claimant's condition is his drug use; testing in October 2013 was positive for alcohol and amphetamine/methamphetamine." AR 19. While conflicting or inconsistent testimony concerning alcohol use can contribute to an adverse credibility finding, *see*, *e.g.*, *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) (finding applicant's testimony not credible where there was evidence of malingering and where the testimony and "various statements regarding his drinking were not consistent"), in this case it cannot justify such a finding alone without further corroboration or explanation. Indeed, here, the ALJ merely noted Plaintiff tested positive for alcohol and amphetamine/methamphetamine, but the ALJ did not explain how alcohol or drug use undermined Plaintiff's testimony and symptoms. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006). Thus, the ALJ erred for discounting Plaintiff's credibility on this basis as well.

Fourth, the ALJ noted Plaintiff "reported experiencing headaches since at least middle school, indicating he has worked with these symptoms." AR 19. Plaintiff's work history prior to the alleged onset date is of limited probative value. *See*, *e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (holding that "[m]edical opinions that predate the alleged onset of disability are of limited relevance."); *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) ("[W]e caution that the critical date is the date of *onset* of disability, *not* the date of diagnosis.") (emphasis in original). This is particularly true where, as here, Plaintiff was in an accident and suffered a traumatic brain injury on the date of Plaintiff's alleged onset of disability. Accordingly, dismissing Plaintiff's testimony and statements because he worked while experiencing headaches before his alleged onset of

disability is not a clear and convincing reason supported by substantial evidence.

Fifth, the ALJ noted evidence of secondary gain "may also be present" because Plaintiff "reported that financial stressors remained paramount" and Plaintiff "had been denied for disability and he did not have other sources of funding." AR 20. Thus, the ALJ determined Plaintiff "could be attempting to portray more extensive limitations than are actually present" to increase his chance of obtaining benefits. AR 20. "'Secondary gain' means 'external and incidental advantage derived from an illness, such as rest, gifts, personal attention, release from responsibility, and disability benefits.'" *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Dorland's Illustrated Medical Dictionary* 721 (29th ed.)). "Secondary gain is not the same as malingering; secondary gain is an incidental advantage derived from an actual illness." *Id.* While an ALJ may consider motivation and the issue of secondary gain in evaluating credibility, the ALJ must identify substantial evidence to do so. Three notations in Plaintiff's medical records indicating he was experiencing anxiety and stress related to financial difficulties, *see* AR 365, 370, 394, is hardly substantial evidence to support a conclusion Plaintiff was motivated by secondary gain. The very purpose of applying for Social Security benefits is the receipt of benefits. Without other evidence of exaggeration or malingering, the suggestion of secondary gain is not a legally sufficient reason to discredit Plaintiff. *See*, *e.g.*, *Burrell*, 775 F.3d at 1140.

Sixth, the ALJ determined Plaintiff's "full range of daily activities" were inconsistent with the nature, severity, and subjective complaints" of Plaintiff. AR 20. To determine whether a claimant's symptom testimony is credible, the ALJ may consider his or her daily activities. *Smolen*, 80 F.3d at 1284. The Ninth Circuit has recognized "two grounds for using daily activities to form the basis of an adverse credibility determination." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). First, such activities can "meet the threshold for transferable work skills." *Id.* Thus, a

1 | claimant's credibility may be discounted if he or she "is able to spend a substantial part of his or
2 | her day performing household chores or other activities that are transferable to a work setting."
3 | *Smolen*, 80 F.3d at 1284 n. 7. "Even where those activities suggest some difficulty functioning,
4 | they may be grounds for discrediting the claimant's testimony to the extent that they contradict
5 | claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir.
6 | 2012). Under the second ground in *Orn*, a claimant's activities of daily living can "contradict his
7 | other testimony." *Orn*, 495 F.3d at 639. However, the ALJ "must make 'specific findings relating
8 | to the daily activities' and their transferability to conclude that a claimant's daily activities
9 | warrant an adverse determination regarding if a claimant's statements should be credited. *Orn*,
10 | 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). With respect to
11 | activities of daily living and their consistency with pain-related impairments, the Ninth Circuit
12 | recently noted "[w]e have repeatedly warned that ALJs must be especially cautious in
13 | concluding that daily activities are inconsistent with testimony about pain, because impairments
14 | that would unquestionably preclude work and all the pressures of a workplace environment will
15 | often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759
16 | F.3d 955, 1016 (9th Cir. 2014) (collecting cases).
17 |     Here, the ALJ listed a number of activities Plaintiff engages in, including light exercise,
18 | caring for his children, conducting light household chores, and shopping for groceries one to two
19 | times per week. AR 20. But the ALJ did not explain how plaintiff's activities contradict his
20 | allegations of disabling pain, nor did the ALJ explain how these activities translate to a work
21 | setting. *Orn*, 495 F.3d at 639. Indeed, the activities cited by the ALJ do not meet the threshold for
22 | transferable work skills, nor does the ALJ suggest they do. Although the ALJ noted Plaintiff's
23 | activities of daily living are inconsistent with Plaintiff's allegations of disabling limitations, the
24 |

ALJ did not explain how the limited activities of daily living undermine all of Plaintiff's allegations, including allegations of poor memory following his accident and difficulty concentrating and staying on task. AR 219, 41, 44-45. As the ALJ did not explain "*which* daily activities conflicted with *which* part of Claimant's testimony", the ALJ erred in rejecting Plaintiff's statements and testimony on this basis as well. *See Burrell*, 775 F.3d at 1138. Accordingly, the ALJ failed to provide at least one clear and convincing reason for discounting Plaintiff's testimony and statements.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Here, had the ALJ credited fully Plaintiff's allegations, the RFC determination would have been very different. For example, plaintiff alleged limitations related to his back pain, memory, ability to concentrate and follow instructions, lifting, and standing/walking (*see* AR 16, 41-42). While the RFC includes a limitation to performing light work and alternating sitting and standing, *see* AR 17, there are no limitations related to memory and ability to concentrate, nor does the RFC fully incorporate all of Plaintiff's alleged limitations. Thus, the ALJ's rejection of plaintiff's testimony was not harmless as the Court cannot conclude with confidence "that no reasonable ALJ, when fully

crediting the testimony, could have reached a different disability determination." *See Marsh*, 792 F.3d at 1173 (citing *Stout*, 454 F.3d at 1055-56).

## II. Whether the ALJ Properly Rejected the Opinion of Physician Assistant Aaron Eusterbrock.

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as physician assistants, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

Aaron Eusterbrock, a physician assistant, examined Plaintiff on April 7, 2014 for a postoperative appointment. AR 471-72. Mr. Eusterbrock conducted a physical examination and reviewed x-ray results as part of his assessment. AR 471-72. Mr. Eusterbrock opined Plaintiff has anemic bone healing, needed to continue physical therapy, and should maintain restrictions, including avoiding "lifting, twisting objects over about 15 pounds" and avoiding exercise "where there is a likelihood of flexion and extension through his construct." *Id.*

The ALJ dismissed Mr. Eusterbrock's opinion—together with other treatment providers—assigning his opinion "partial weight" and finding his opinion did "not contain objective testing or information as supporting evidence." AR 21. The ALJ also noted that the limits were "meant to assist with recuperation and there is no indication they are permanent."

1 AR 21. Plaintiff argues the ALJ failed to provide germane reasons to discount the opinion of
2 Mr. Eusterbrock. Dkt. 11, pp. 9-11.

3 First, the ALJ dismissed Mr. Eusterbrock's opinion, finding it did "not contain
4 objective testing or information as supporting evidence." AR 21. However, Mr. Eusterbrock
5 conducted a clinical assessment and relied upon MRI results in reaching his determination. *See*
6 AR 471-72. Thus, the ALJ was incorrect in finding Mr. Eusterbrock's opinion was not
7 supported by objective testing, and the ALJ erred in rejecting Mr. Eusterbrock's opinion on
8 this basis.

9 Second, the ALJ rejected Mr. Eusterbrock's opinion because the functional limitations
10 were "meant to assist with recuperation and there is no indication they are permanent." AR 21.
11 To be found disabled, Plaintiff must establish that he is unable to "to engage in any substantial
12 gainful activity by reason of any medically determinable physical or mental impairment which
13 can be expected to result in death or which has lasted or can be expected to last for a
14 continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Tackett v. Apfel*, 180
15 F.3d 1094, 1098 (9th Cir. 1999). Not only must the impairment itself last or be expected to last
16 for 12 months, but those work-related limitations stemming therefrom alleged to be disabling
17 also must last for the requisite time period. *See Barnhart v. Walton*, 535 U.S. 212, 217-222
18 (2002) (upholding defendant's interpretation of Social Security Act's definition of "disability"
19 as requiring that both medically determinable impairment *and* resulting inability to engage in
20 substantial gainful activity must last for "not less than 12 months"); *Carmickle*, 533 F.3d at
21 1165 (upholding decision by ALJ to give physician's opinion regarding inability to tolerate
22 sedentary or light work "little weight" in assessing claimant's "long-term functioning" in light
23 of that physician's decision two months later to release claimant to full-time work).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11

Here, the ALJ correctly noted Mr. Eusterbrock did not identify any impairment that satisfies the durational requirement-*i.e.*, a disabling impairment expected to last for at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *Burch*, 400 F.3d at 679 (to be eligible for benefits, claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). Indeed, Mr. Eusterbrock's limitations appear directly related to Plaintiff's postoperative recovery, not to functional limitations lasting longer than 12 months. *See* AR 471-72. Accordingly, the ALJ appropriately discounted Mr. Eusterbrock's opinion on this basis. *See Woeppel v. Colvin*, No. 12-CV-06001 RBL, 2014 WL 868808, at *9 (W.D. Wash. Mar. 5, 2014). Nevertheless, as this matter is already remanded for the ALJ to reconsider Plaintiff's testimony and statements, the ALJ shall also reconsider Mr. Eusterbrock's opinion.

### III.     Whether the ALJ Properly Considered the Lay Witness Testimony.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 511.  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512.

Plaintiff also argues the ALJ erred in rejecting the lay witness statements of Plaintiff's wife, friend, and father. Dkt. 11, pp. 16-17; AR 20-21. In rejecting the lay opinions, the ALJ cited to Plaintiff's activities of daily living and medical progress since his accident as evidence Plaintiff's limitations were not as disabling as indicated by the lay witnesses. AR 21. As this

matter is remanded based upon the ALJ's treatment of Plaintiff's testimony, and the Court has directed the ALJ to reconsider Plaintiff's alleged symptoms anew as well as the opinion of Mr. Eusterbrock, the ALJ shall also reconsider the lay witness testimony.

**IV.  The ALJ's Duty to Fully and Fairly Develop the Record.**

Finally, Plaintiff also maintains the ALJ failed to fully develop the record because the record was inadequate. Dkt. 11, pp. 8-9. An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id.* (citations omitted). The duty to fully and fairly develop the record may be discharged "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* at 1150 (citing *Tidwell*, 161 F.3d at 602; *Smolen*, 80 F.3d at 1279).

Here, Plaintiff argues given the dearth of assessments in the medical record, the ALJ "should have sought input from Plaintiff's treating sources or sent Plaintiff for a consultative examinations before determining that Plaintiff was not disabled." Dkt. 11, p. 9. Here, the ALJ did not find that the record was inadequate, nor has Plaintiff established that the record before the Court is ambiguous. *See Tonapetyan*, 242 F.3d at 1150. Thus, Plaintiff has failed to establish the ALJ erred to fully develop the record. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (rejecting request to remand to further develop the record because the plaintiff did not meet the "good cause" requirement to remand); *see also Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994) ("Mere conjecture or speculation that additional evidence might have been obtained in

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13

the case is insufficient to warrant a remand."). Nevertheless, as this matter is already being remanded, the ALJ shall afford Plaintiff an opportunity to further develop the record and submit additional medical records and evidence.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 14th day of December, 2016.

David W. Christel
United States Magistrate Judge